UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CONSOLIDATED CIVIL ACTION NOS. 17-12478-RWZ and 17-12479-RWZ


MAUREEN N. IDEHEN

v.

WILMINGTON SAVINGS FUND SOCIETY, FSB,
as Trustee for PRETIUM MORTGAGE ACQUISITION
doing business as CHRISTIANA TRUST,
and RUSHMORE LOAN MANAGEMENT SERVICES, LLC


ORDER

MAY 11, 2018


ZOBEL, S.D.J.

    Plaintiff seeks to void the foreclosure sale of her Massachusetts home, alleging that defendants failed strictly to comply with the notice requirements for default and acceleration set forth in paragraphs 22 and 19 of the mortgage agreement. As a threshold matter, she denies ever receiving the notice of default and notice of acceleration defendants claim to have sent. She alleges in any event that the purported mailing was defective because it informed her that she could avoid foreclosure by making payment "before a foreclosure sale takes place" instead of specifying, as required under paragraph 19 of the agreement, that her post-acceleration reinstatement rights would expire five days prior to foreclosure. She also contends that defendants

1

refuse to offer a loan modification.

Defendants move for summary judgment. In support, they have produced a notice of default and notice of acceleration in strict compliance with paragraph 22, and a contemporaneous affidavit attaching copies. No more is required. See Pinti v. Emigrant Mortg. Co., Inc., 33 N.E.3d 1213, 1221, 1226 (Mass. 2015) (holding that strict compliance with paragraph 22 notice of default language is condition of valid foreclosure sale, and voiding foreclosure in which plaintiffs given notice of right to defend, rather than to initiate, legal action; but without discussion of paragraph 19, noting that valid foreclosure does not require a mortgagee to demonstrate "punctilious performance of every single mortgage term," and distinguishing between notice requirements for foreclosure and acceleration); see also U.S. Bank, N.A. v. Schumacher, 5 N.E.3d 882, 890 (Mass. 2014) (statutory right to cure default before acceleration, because not part of foreclosure process, does not require strict compliance).

Whether plaintiff had actual notice does not control. Mass. Gen. Laws c. § 244, 35A(b) ("notice shall be deemed delivered to the mortgagor: . . . (ii) when sent by first class mail and certified mail or similar service by a private carrier to the mortgagor at the mortgagor's address last known to the mortgagee or anyone holding thereunder"). See Town of Andover v. State Fin. Serv., Inc., 736 N.E.2d 837, 840 (Mass. 2000) (certified mailing of notice satisfies due process requirements); see also Andersen v. Lasalle Bank N.A., No. 15-cv-30107, 2016 WL 3093375, at *3 (D. Mass. June 1, 2016) (mailing requirement "is satisfied by mailing and nonreceipt is irrelevant") (quoting Hull v. Attleboro Sav. Bank, 596 N.E.2d 358, 362 (Mass. App. Ct. 1992)).

2

Because no disputed facts remain, defendants' motion (Docket # 13) is allowed. Judgment may be entered for defendants.

    May 11, 2018                               /s/Rya W. Zobel

       DATE                                  RYA W. ZOBEL
                                          SENIOR UNITED STATES DISTRICT JUDGE